UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **ASHLAND LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **Civil Action No.** |
| **HDI GLOBAL SE f/k/a** | ) |
| **HDI-GERLING INDUSTRIE** | ) |
| **VERSICHERUNG AG** | ) |
| **HAFTPFLICHTVERSICHERUNG,** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| **Serve: Arthur J. Liederman** | ) |
| **Morrison Mahoney** | ) |
| **Wall Street Plaza** | ) |
| **88 Pine Street, Suite 1900** | ) |
| **New York, NY 10005** | ) |
| | ) |

## COMPLAINT

Plaintiff Ashland LLC ("Ashland") hereby brings this complaint against Defendant, HDI Global SE, formerly known as HDI-Gerling Industrie Versicherung AG Haftpflichtversicherung (hereinafter, "HDI-Gerling"), and states as follows:

## PARTIES

1. Plaintiff Ashland is a Delaware limited liability company with operations and business offices in Kentucky, and with insurance and risk management officials located in Lexington, Kentucky. Ashland Chemco Inc., a Delaware corporation with a principal place of business in Kentucky, is the sole member of Ashland LLC.

2. Defendant, HDI-Gerling, is, upon information and belief, an insurance company headquartered in Germany and incorporated under the laws of Germany.

3. HDI-Gerling is engaged in the insurance business, and HDI-Gerling conducts or has conducted business in Kentucky.

4. HDI-Gerling issued policies of insurance to Ashland (including its predecessor in interest, United States Filter Corporation) including the policies identified on Exhibit "A" hereto.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this case by diversity of citizenship, pursuant to 28 U.S.C. §1332, because Ashland and HDI-Gerling are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, HDI-Gerling has previously submitted to the personal jurisdiction of this Court in a prior, related matter captioned: *Ashland, Inc. v. HDI-Gerling Industrie Versicherung AG Haftpflichtversicherung*, C.A. No. 5:98-340-JMH (E.D. KY), and further HDI-Gerling has consented to the jurisdiction of this Court for any disputes regarding the matters at issue in this case.

6. Venue is proper in this Court, pursuant to 28 U.S.C. §1391, because among other things, a substantial part of the events or omissions giving rise to this claim occurred in this district. In addition, HDI-Gerling has consented to the venue of this Court.

## NATURE OF THE ACTION

7. This Complaint seeks, inter alia, declaratory judgment pursuant to 28 U.S.C. §2201, as well as damages for breach of contract and breach of the duty of good faith and fair dealing.

**BACKGROUND**

8. Riley Stoker Corporation, a former subsidiary of Ashland ("Riley"), has been the subject of third-party claims and lawsuits, which are pending in various jurisdictions within the United States, in which the claimants allege, among other things, continuous or progressive bodily injury arising from exposure to asbestos allegedly contained in products manufactured, distributed or sold by Riley and its predecessors (the "Riley Stoker Asbestos Claims").

9. Ashland reasonably anticipates that additional Riley Stoker Asbestos Claims will continue to be asserted in the foreseeable future.

10. Ashland acquired Riley's parent company United States Filter Corporation (and thus acquired Riley) in 1979, and Ashland subsequently sold Riley in 1990. Under the terms of the 1990 sale, Ashland agreed to retain financial responsibility for any liabilities arising out of the Riley Stoker Asbestos Claims, and the parties agreed that Ashland would maintain the rights to Riley's historical insurance coverage for the Riley Stoker Asbestos Claims.

11. HDI-Gerling, and/or one of its predecessors, issued multiple liability insurance policies to Ashland, including, without limitation, the policies issued to United States Filter Corporation during the period 1980 to 1982 that are listed on attachment Exhibit "A" hereto (the "HDI-Gerling Policies").

12. The HDI-Gerling Policies cover, <u>inter alia</u>, liability for bodily injury or death allegedly caused by exposure to asbestos-containing products.

13. Asbestos-related injury is alleged to involve a continuous and progressive injurious process commencing with the first exposure to asbestos particles or fibers, which process continues progressively while such particles or fibers are present in the lungs or other

organs and culminates in manifestation of recognizable injury, including sickness, disease, or death.

14. The Riley Stoker Asbestos Claims allege that such continuous and progressive injurious process has occurred during at least part of the periods during which the HDI-Gerling Policies (as well as other liability policies covering Ashland) were in effect.

15. Ashland is entitled to insurance coverage under the HDI-Gerling Policies with respect to the Riley Stoker Asbestos Claims up to the full amount of the applicable limits of the HDI-Gerling Policies, subject to their respective terms and conditions. Moreover, when more than one liability policy is responsible for a given claim, Ashland is entitled to select the liability policy or policies under which it is to be indemnified and/or defended.

16. Ashland and HDI-Gerling entered into a coverage-in-place settlement agreement, dated December 12, 2008 ("CIP Agreement"), under which HDI-Gerling agreed to provide coverage for Riley Stoker Asbestos Claims under the HDI-Gerling's Policies. The CIP Agreement also specifically identified a second-layer excess policy numbered 49/99/6383/01 (the "Second Layer Policy").

17. Under the CIP Agreement, Ashland submitted invoices to HDI-Gerling for the Second-Layer Policy according to the provisions of the CIP Agreement, and HDI-Gerling made certain payments thereunder, but HDI-Gerling has not always made payments in a timely manner. Under the terms of the CIP Agreement, for late payments, HDI-Gerling was required to pay not only principal amounts owed but also interest, at 8% per annum, that accrued on unpaid amounts, commencing 31 days following submission of the invoices which contain the amounts due.

18. HDI-Gerling has failed and refused to make payments of interest to Ashland on untimely principal payments owed under the Second Layer Policy, as required under the CIP Agreement.

19. Subsequent to entering into the CIP Agreement, Ashland learned that HDI-Gerling had issued other policies to Ashland's predecessor, United States Filter Corporation, that provide coverage for Riley Stoker Asbestos Claims. Two of these discovered policies attach at the third excess layer of coverage ("Third Layer Policies"), and two other policies attach at the fourth layer of coverage ("Fourth Layer Policies").

20. The CIP Agreement specifically provides that, in the event that other HDI-Gerling policies are discovered in addition to the Second Layer Policy, the CIP Agreement shall be amended to include such discovered policies. Thus, the Third Layer Policies and the Fourth Layer Policies are subject to the coverage requirements of the CIP Agreement.

21. Under the terms of the CIP Agreement, Ashland is entitled to send invoices to HDI-Gerling for coverage amounts owed by the Third Layer Policies for Riley Stoker Asbestos Claims because the coverage limits underlying the Third Layer Policies have been exhausted and covered amounts have been allocated to the Third Layer Policies under the terms of the CIP Agreement.

22. Beginning in at least September 2015, Ashland has sent numerous communications with HDI-Gerling to arrange for submission and payment of invoices regarding the two Third Layer Policies under the CIP Agreement, but HDI-Gerling has failed and refused to acknowledge and respond to many of these communications and has failed and refused to agree to begin making payments pursuant to the CIP Agreement.

23. HDI-Gerling's failure and refusal to acknowledge its obligations to provide coverage and make payments under its two Third Layer Policies constitutes a denial of coverage under those policies and a breach of the CIP Agreement.

24. In addition, HDI-Gerling has failed to pay interest on the late payments it made under the Second Layer Policy, as required under the terms of the CIP Agreement.

25. To date, HDI-Gerling has failed and refused to provide principal and interest payments to Ashland totaling over $1 million, as required by the CIP Agreement.

26. HDI-Gerling lacks a reasonable basis in the law or fact for denying its coverage obligations, and either knows there is no such reasonable basis or has acted with reckless disregard for whether such a basis exists, and has acted outrageously, with improper motive and/or reckless indifference to the rights of Ashland.

## CLAIMS FOR RELIEF

### Count I: DECLARATORY JUDGMENT

27. Ashland hereby incorporates Paragraphs 1 through 26 as if fully stated herein.

28. All conditions precedent to recovery under the HDI-Gerling Policies have been or will be satisfied, waived or are otherwise inapplicable.

29. Pursuant to the applicable legal standards and terms and conditions of the HDI-Gerling Policies, and/or the terms of the CIP Agreement, the HDI-Gerling Policies are obligated to cover Riley Stoker Asbestos Claims, and in particular to reimburse Ashland for defense and settlement amounts, up to the respective limits of each policy.

30. Ashland seeks a declaration regarding the obligations of each of the HDI-Gerling Polices with respect to coverage for Riley Stoker Asbestos Claims that have been asserted to

date, as well as in connection with all similar suits or claims that have been asserted, or may be asserted in the future.

31. On information and belief, HDI-Gerling disputes the foregoing request for declaratory relief.

32. An actual controversy presently exists between Ashland and HDI-Gerling with respect to HDI-Gerling's duties and obligations under the HDI-Gerling Policies to defend and/or indemnify Ashland with respect to Riley Stoker Asbestos Claims. This Court has jurisdiction and power to declare the parties' respective rights and obligations pursuant to 28 U.S.C. §2201.

WHEREFORE, Ashland prays for a judgment against HDI-Gerling:

(a) Declaring that HDI-Gerling, consistent with the terms of the HDI-Gerling Policies:

  (i) must reimburse defense costs incurred by Ashland in connection with the Riley Stoker Asbestos Claims and any similar suits or claims that have been or may be brought in the future;

  (ii) must pay all sums that Ashland is obligated to pay, by settlement or judgment, as a result of the Riley Stoker Asbestos Claims and in any similar suits or claims that have been or may be brought in the future up to the full limits of liability afforded by the HDI-Gerling Policies; and

  (iii) must comply with all terms and conditions of the CIP Agreement with respect to each of the HDI-Gerling Policies.

(b) Enjoining HDI-Gerling from refusing to provide insurance coverage to Ashland with respect to past, pending and future Riley Stoker Asbestos Claims, up to the full limits of liability afforded by each of the HDI-Gerling Policies; and

(c) For costs of suit;

(d) For pre-judgment interest;

(e) For attorneys fees;

(f) An award of all compensatory and other damages provided by law; and

date, as well as in connection with all similar suits or claims that have been asserted, or may be asserted in the future.

31. On information and belief, HDI-Gerling disputes the foregoing request for declaratory relief.

32. An actual controversy presently exists between Ashland and HDI-Gerling with respect to HDI-Gerling's duties and obligations under the HDI-Gerling Policies to defend and/or indemnify Ashland with respect to Riley Stoker Asbestos Claims. This Court has jurisdiction and power to declare the parties' respective rights and obligations pursuant to 28 U.S.C. §2201.

WHEREFORE, Ashland prays for a judgment against HDI-Gerling:

(a) Declaring that HDI-Gerling, consistent with the terms of the HDI-Gerling Policies:

    (i) must reimburse defense costs incurred by Ashland in connection with the Riley Stoker Asbestos Claims and any similar suits or claims that have been or may be brought in the future;

    (ii) must pay all sums that Ashland is obligated to pay, by settlement or judgment, as a result of the Riley Stoker Asbestos Claims and in any similar suits or claims that have been or may be brought in the future up to the full limits of liability afforded by the HDI-Gerling Policies; and

    (iii) must comply with all terms and conditions of the CIP Agreement with respect to each of the HDI-Gerling Policies.

(b) Enjoining HDI-Gerling from refusing to provide insurance coverage to Ashland with respect to past, pending and future Riley Stoker Asbestos Claims, up to the full limits of liability afforded by each of the HDI-Gerling Policies; and

(c) For costs of suit;

(d) For pre-judgment interest;

(e) For attorneys fees;

(f) An award of all compensatory and other damages provided by law; and

(g) For such other and further relief, including any other appropriate equitable relief, as the Court may deem just and proper.

## COUNT II: BREACH OF CONTRACT

33. Ashland hereby incorporates Paragraphs 1 through 32 as if fully stated herein.

34. HDI-Gerling entered into the CIP Agreement and, by doing so, agreed that the HDI-Gerling Policies would provide coverage for Riley Stoker Asbestos Claims according to the terms and conditions of the CIP Agreement, including timely payment of invoices and payment of interest accrued on any late payments of invoices.

35. With respect to the Second Layer Policy, HDI-Gerling has breached the CIP Agreement because it has not made all payments of invoices in a timely manner and has not paid interest on untimely payments, which accrued at the rate of 8% per annum calculated beginning on the 31st day following Ashland's submission of an invoice that had remained unpaid.

36. With respect to the Third-Layer Policies, HDI-Gerling has breached the CIP Agreement because HDI-Gerling has failed and refused to acknowledge its duty to cover Riley Stoker Asbestos Claims under the terms of the CIP Agreement, notwithstanding numerous attempts by Ashland to obtain such acknowledgement and agreement to pay. HDI-Gerling agreed in the CIP Agreement that its other policies issued to Ashland (including U.S. Filter Corporation) would be bound by the coverage terms of the CIP Agreement. Yet, when Ashland informed HDI-Gerling of its intention to send invoices to HDI-Gerling with respect to its additional Third Layer Policies, HDI-Gerling disregarded that information and has failed and refused to provide such coverage.

37. Even absent the CIP Agreement, HDI-Gerling has an obligation to provide coverage for Riley Stoker Asbestos Claims under the terms and conditions of the Third Layer Policies, which follow the terms and conditions of the underlying London first-layer umbrella

8

policy in the same period. HDI-Gerling's failure to provide coverage under the Third Layer Policies for Riley Stoker Asbestos Claims constitutes a breach of those insurance contracts.

WHEREFORE, Ashland prays for judgment against HDI-Gerling:

(a) Declaring that HDI-Gerling has breached the CIP Agreement and has breached the obligations of HDI-Gerling Policies;

(b) Awarding money damages in an amount exceeding $75,000;

(c) Awarding costs of suit;

(d) Awarding interest;

(e) Awarding attorneys' fees;

(f) Awarding all compensatory damages provided by law; and

(g) Awarding such other and further relief, including any other appropriate equitable relief, as the Court may deem just and proper.

## COUNT III: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

38. Ashland hereby incorporates Paragraphs 1 through 37 as if fully stated herein.

39. HDI-Gerling is obligated to reimburse Ashland for its costs incurred in defending and settling the Riley Asbestos Claims, which costs are allocated to HDI-Gerling in invoices issued by Ashland pursuant to the terms of the CIP Agreement. HDI-Gerling lacks a reasonable basis in law or fact for disputing these quarterly invoices and refusing to make payment to Ashland of amounts owed thereunder.

40. Ashland has made numerous attempts to communicate with HDI-Gerling, beginning in at least September 2015, to engage HDI-Gerling so as to obtain HDI-Gerling's acknowledgement that it has coverage obligations under the CIP Agreement with respect to its Third Layer Policies and Fourth Layer Policies, but HDI-Gerling has refused to engage with Ashland. Specifically, Ashland's numerous letters, emails and telephone calls to HDI-Gerling representatives have gone unanswered or, in the few cases where an answer was given, the

representative has not provided any substantive information about whether and when HDI-Gerling will make coverage payments as required under the CIP Agreement. Rather, HDI-Gerling's reaction to Ashland's numerous communications over more than three years has been to ignore, disregard and/or deflect any communications from Ashland without making any substantive response or any commitments. HDI-Gerling has acted as if, so long as it continues to ignore Ashland's communications, it expects that Ashland will simply give up trying to collect under the HDI-Gerling Policies and the CIP Agreement. In so doing, HDI-Gerling has placed its own financial interests ahead of the interests of its policyholder.

41. HDI-Gerling either knows that there is no reasonable basis for refusing to make payments to Ashland when due and/or has acted with reckless disregard for whether such a basis exists.

42. HDI-Gerling's obligation to make payments to Ashland pursuant to the CIP Agreement is not debatable on the law or facts. HDI-Gerling's conduct is driven by improper motive or reckless indifference to the rights of Ashland.

43. In addition to the above, HDI-Gerling has violated the Kentucky Unfair Claims Settlement Practices Act, Ky. Rev. Stat. Ann. §304.12-230 by, among other things:

- Failing to acknowledge and act reasonably promptly regarding communications with respect to claims arising under the CIP Agreement;

- Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the CIP Agreement;

- Refusing to pay claims without conducting a reasonable investigation based upon all available information;

- Failing to affirm or deny coverage of claims within a reasonable time;

- Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

- Compelling Ashland to institute litigation to recover amounts due under the HDI-Gerling Policies and the CIP Agreement;

- Failing to promptly consent to settlement of claims, where liability has become reasonably clear;

- Failing to properly provide a reasonable explanation of the basis under the HDI-Gerling Policies and the CIP Agreement in relation to the facts or applicable law for denial of coverage for Riley Stoker Asbestos Claims.

44. As a result of HDI-Gerling's violation of <u>Ky. Rev. Stat. Ann.</u> §304.12-230, Ashland has suffered and continues to suffer damages in the form of defense and indemnity payments not received, loss of use of money, additional legal costs and expenses, and diversion of internal business resources, among others.

WHEREFORE, Ashland requests that the following relief, in the form of an Award rendered by the Court, including:

(a) A declaration that HDI-Gerling is in breach of the CIP Agreement;

(b) An award of money damages for amounts due under the CIP Agreement, plus pre-judgment and post-judgment interest;

(c) An award of damages provided by law, whether contractual or extra contractual for HDI-Gerling's breach of the duties of good faith and fair dealing and bad faith and for violation of the Kentucky Unfair Claims Settlement Practices Act;

(d) An award of attorneys' fees and costs; and

(e) An award of punitive damages.

**A JURY TRIAL IS HEREBY DEMANDED**

Dated:  May 17, 2019                    */s/ Barbara B. Edelman*
                                               Barbara B. Edelman
                                               Grahmn N. Morgan
                                               DINSMORE & SHOHL LLP
                                               City Center
                                               100 W. Main Street, Suite 900
                                               Lexington, KY  40507
                                               Telephone: 859.425.1000
                                               Facsimile:  859.425.1099
                                               Email:    barbara.edelman@dinsmore.com
                                                          grahmn.morgan@dinsmore.com
                                                   *Counsel for Plaintiff, Ashland LLC*

Of Counsel:

John M. Sylvester
Jacquelyn S. Celender
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
412.355.6500

12